PEOPLE, Appellants, v. JOHN SCOTT and JOHN WRIGHT, Respondents.

### No. 2296; February 8, 1859.

**Criminal Law—Accomplice—Officer Detecting Crime.**—One who aids in the commission of a crime effected through violence cannot afterward escape responsibility as an accomplice by claiming he was a peace officer at the time, acting with a purpose to detect and convict the criminal.

**Criminal Law—Accomplice—Police Officer.**—Where Evidence against a person charged with a crime is given by a police officer

who aided in the act charged from a concealed motive of afterward giving such testimony, the defendant is entitled to have the court instruct the jury that the witness was an accomplice and his evidence, without corroborating proof to support it, insufficient to convict.

APPEAL from Sacramento County.

District Attorney for appellants; Hardy, Curtis & Warters for respondents.

BALDWIN, J.—The court erred in its instructions to the jury that the officer who instigated or was immediately connected with a robbery was not to be considered an accomplice in the crime. For this, in effect, was the charge. In this case it seems the witness planned the robbery and held the victim while another struck him on the head with a stone, and assisted in robbing him and divided the money the next day. The pretext that in all this he was merely acting as a police officer and committed this crime or did these acts as a detective is too thin a disguise to exonerate him from criminal responsibility. Whatever may be the rule in relation to apparent participation of a party in a felony, for the purpose of procuring proof against malefactors, it is very clear that it does not embrace a case of this sort—where personal violence is committed in pursuance of a plan set on foot and accomplished by the immediate agency of the witness. As well might a witness seek to shield himself from responsibility for murder upon the pretext that he planned and executed a homicide in company with a gang of murderers only for the patriotic purpose of discovering and convicting the assassins.

The court should have instructed the jury that the witness was an accomplice if they believed these facts, and that his evidence, without corroborating proof in support of it, was insufficient for a conviction of the prisoner.

The judgment is reversed and this cause remanded.

We concur: Field, J.; Terry, C. J.